HONORABLE MARY JO HESTON

Chapter 11

HEARING DATE: November 27, 2019
HEARING TIME: 11:30 a.m.
LOCATION: Telephonic
RESPONSE DATE: At hearing

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| In re: <br><br>PNW HEALTHCARE HOLDINGS, LLC, <br><br>Debtor. | Chapter 11 <br><br> Case No. 19-43754 |
| In re: <br><br>NORTH AUBURN HEALTH, LLC, <br><br>Debtor. | Chapter 11 <br><br> Case No. 19-14288 |
| In re: <br><br>BREMERTON HEALTH, LLC, <br><br>Debtor. | Chapter 11 <br><br> Case No. 19-14285 |
| In re: <br><br>FOREST RIDGE HEALTH-BREMERTON, LLC, <br><br>Debtor. | Chapter 11 <br><br> Case No. 19-14287 |

MOTION FOR JOINT ADMINISTRATION, Page 1

Foley & Lardner LLP
555 South Flower St., Suite 3300
Los Angeles, CA 90071-2418
Phone: 213-972-4500
Fax: 213-486-0065

| | |
|---|---|
| In re:<br><br>RIVERSIDE NURSING-CENTRALIA, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-43766 |
| In re:<br><br>ALDERCREST HEALTH-EDMONDS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-14284 |
| In re:<br><br>PUGET SOUND HEALTHCARE-OLYMPIA, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-43765 |
| In re:<br><br>CRESTWOOD CONVALESCENT-PORT ANGELES, LLC,<br><br>Debtor | Chapter 11<br><br>Case No. 19-14286 |
| In re:<br><br>SEQUIM HEALTH, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-14289 |
| In re:<br><br>FIR LANE HEALTH-SHELTON, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-43756 |
| In re:<br><br>CHERRYWOOD PLACE-SPOKANE, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-43755 |

MOTION FOR JOINT ADMINISTRATION, Page 2

Foley & Lardner LLP
555 South Flower St., Suite 3300
Los Angeles, CA 90071-2418
Phone: 213-972-4500
Fax: 213-486-0065

4841-1939-7648.3  Case 19-43754-MJH    Doc 3    Filed 11/24/19    Ent. 11/24/19 14:43:05    Pg. 2 of 11

| | |
|---|---|
| In re:<br><br>FRANKLIN HILLS HEALTH-SPOKANE, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-43758 |
| In re:<br><br>GARDENS ON UNIVERSITY-SPOKANE VALLEY, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-43759 |
| In re:<br><br>CARE CENTER EAST HEALTH-PORTLAND, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-43757 |
| In re:<br><br>MEADOW PARK HEALTH-ST HELENS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-43760 |
| In re:<br><br>IVY COURT-COEUR D'ALENE, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-43760 |
| In re:<br><br>LACROSSE HEALTH-COEUR D'ALENE, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 19-43761 |

MOTION FOR JOINT ADMINISTRATION, Page 3

Foley & Lardner LLP
555 South Flower St., Suite 3300
Los Angeles, CA 90071-2418
Phone: 213-972-4500
Fax: 213-486-0065

4841-1939-7648.3   Case 19-43754-MJH   Doc 3   Filed 11/24/19   Ent. 11/24/19 14:43:05   Pg. 3 of 11

| | |
|---|---|
| In re:<br>PNW MASTER TENANT I, LLC,<br>Debtor. | Chapter 11<br>Case No. 19-43763 |
| In re:<br>PNW MASTER TENANT II, LLC,<br>Debtor. | Chapter 11<br>Case No. 19-43764<br>**FIRST DAY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND RELATED RELIEF** |

## I. INTRODUCTION

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Cornerstone Healthcare"),[1] by and through their proposed counsel, Foley & Lardner LLP, hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to 11 U.S.C. § 105, and Rules 1005, 1015(b), and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), directing the procedural consolidation and joint administration of the Debtors' chapter 11 cases, including combined financial reporting and billing. In support of this Motion, the Debtors incorporate the statements contained in the Declaration of Will Masterson in Support of First Day Motions, filed contemporaneously with this Motion, and further respectfully state as follows:

---

[1] The Debtors' filed their voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on the date hereof (the "Petition Date"). A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this motion and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Will Masterson in Support of First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith.

MOTION FOR JOINT ADMINISTRATION, Page 4

Foley & Lardner LLP
555 South Flower St., Suite 3300
Los Angeles, CA 90071-2418
Phone: 213-972-4500
Fax: 213-486-0065

## II. JURISDICTION AND VENUE

The United States Bankruptcy Court for the Western District of Washington (this "Court") has jurisdiction over these cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

The statutory basis for the relief requested herein is Bankruptcy Rules 1005, 1015(b), and 2002(n), and 11 U.S.C. § 105.

## III. BACKGROUND

Cornerstone Healthcare operates a community of sixteen (16) skilled nursing facilities throughout Washington, as well as in Oregon and Idaho. These facilities from 52 to 135 operational-resident beds, with most in the 80 to 120-bed range. In total, the facilities have capacity to provide skilled-nursing services to approximately 1508 residents. Currently, the facilities provide care to approximately 1182 residents on a daily basis, and employee more than 1200 people in their local communities.

The overall Cornerstone Healthcare business is sound, generating more than $94 million in year-to-date through September 2019. Cornerstone Healthcare is also positive on both an EBITDA and net income level. These cases were filed primarily to address specific issues with the Debtors' secured debt and leases. Cornerstone Healthcare expects to confirm a plan of reorganization and emerge from Chapter 11 in a stronger position, benefiting the patients and communities served.

MOTION FOR JOINT ADMINISTRATION, Page 5

Foley & Lardner LLP
555 South Flower St., Suite 3300
Los Angeles, CA 90071-2418
Phone: 213-972-4500
Fax: 213-486-0065

4841-1939-7648.3   Case 19-43754-MJH   Doc 3   Filed 11/24/19   Ent. 11/24/19 14:43:05   Pg. 5 of 11

Contemporaneously with the filing of this Motion, Cornerstone Healthcare filed its *Declaration of Will Masterson in Support of First-Day Motions* (the "First Day Declaration"), which is incorporated by reference herein. The First Day Declaration provides a more complete description of the Cornerstone Healthcare business and the events leading to the Chapter 11 reorganization.

## IV. RELIEF REQUESTED

The Debtors seek entry of the Proposed Order, (a) directing the joint administration of these Chapter 11 cases, and (b) granting related relief.

The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of PNW Healthcare Holdings, LLC, Case No. 19-43754 (the "Lead Case," and that all pleadings and other filings related to the jointly administered, except proofs of claim, be filed in the Lead Case.

The Debtors further request authorization for joint handling of all other administrative matters as appropriate, including joint financial reporting for Monthly Operating Reports and any other periodic reports, and joint and several liability for fees and expenses of professionals representing the Debtors' jointly administered estates. The Debtors request that the Court authorize professionals to submit fee applications on a combined basis with all time billed to one matter, without separate allocation between the nineteen Debtor entities.

The Debtors request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors, other than PNW Healthcare Holdings, LLC, to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration for procedural purposes only of the chapter 11 cases of: PNW Healthcare Holdings, LLC, Case No. 19-43754; North Auburn Health, LLC dba North Auburn Rehabilitation & Health Center, Case No. 19-14288; Sequim Health, LLC dba Sequim Health & Rehabilitation, Case No. 19-14289; Bremerton Health,

MOTION FOR JOINT ADMINISTRATION, Page 6

Foley & Lardner LLP
555 South Flower St., Suite 3300
Los Angeles, CA 90071-2418
Phone: 213-972-4500
Fax: 213-486-0065

4841-1939-7648.3  Case 19-43754-MJH    Doc 3    Filed 11/24/19    Ent. 11/24/19 14:43:05    Pg. 6 of 11

LLC dba Bremerton Convalescent & Rehabilitation Center, Case No. 19-14285; Crestwood Convalescent-Port Angeles, LLC dba Crestwood Health & Rehabilitation Center, Case No. 19-14286; Fir Lane Health-Shelton, LLC dba Fir Lane Health & Rehabilitation Center, Case No. 19-43756; Forest Ridge Health-Bremerton, LLC dba Forest Ridge Health & Rehabilitation Center, Case No. 19-14287; Meadow Park Health-St Helen, LLC dba Meadow Park Health & Specialty Care Center, Case No. 19-43760; Cherrywood Place-Spokane, LLC dba Cherrywood Place, Case No. 19-43755; Riverside Nursing-Centralia, LLC dba Riverside Nursing & Rehabilitation Center, Case No. 19-43766; PNW Master Tenant I, LLC, Case No. 19-43763; Franklin Hills Health-Spokane, LLC dba Franklin Hills Health & Rehabilitation Center, Case No. 19-43758; Aldercrest Health-Edmonds, LLC dba Aldercrest Health & Rehabilitation Center, Case No. 19-14284; PNW Master Tenant II, LLC, Case No. 19-43764; Gardens on University-Spokane Valley, LLC dba The Gardens on University, Case No. 19-43759; Puget Sound Healthcare-Olympia, LLC dba Puget Sound Healthcare Center, Case No. 19-43765; Care Center East Health-Portland, LLC dba Care Center East Health & Specialty Care Center, Case No. 19-43757; LaCrosse Health-Coeur d'Alene, LLC dba LaCrosse Health & Rehabilitation Center, Case No. 19-43761; and Ivy Court-Coeur d'Alene, LLC dba Ivy Court, Case No. 19-43760. All further pleadings and other papers shall be filed in and all further docket entries shall be made in the lead case, which is PNW Healthcare Holdings, LLC, Case No. 19-43754. The docket in Case No. 19-43754 should be consulted for all matters affecting this case.

The Debtors further request approval of caption for all motions and pleadings, in the following form, and that this Court order that such caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code:

MOTION FOR JOINT ADMINISTRATION, Page 7

Foley & Lardner LLP
555 South Flower St., Suite 3300
Los Angeles, CA 90071-2418
Phone: 213-972-4500
Fax: 213-486-0065

4841-1939-7648.3    Case 19-43754-MJH    Doc 3    Filed 11/24/19    Ent. 11/24/19 14:43:05    Pg. 7 of 11

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

PNW HEALTHCARE HOLDINGS, LLC, et al.,[1]

Debtors.

Chapter 11
Case No. 19-43754
(Jointly Administered)

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PNW Healthcare Holdings, LLC (9801); North Auburn Health, LLC dba North Auburn Rehabilitation & Health Center (3159); Sequim Health, LLC dba Sequim Health & Rehabilitation (7737); Bremerton Health, LLC dba Bremerton Convalescent & Rehabilitation Center (3188); Crestwood Convalescent-Port Angeles, LLC dba Crestwood Health & Rehabilitation Center (6565); Fir Lane Health-Shelton, LLC dba Fir Lane Health & Rehabilitation Center (7798); Forest Ridge Health-Bremerton, LLC dba Forest Ridge Health & Rehabilitation Center (4019); Meadow Park Health-St Helen, LLC dba Meadow Park Health & Specialty Care Center (9109); Cherrywood Place-Spokane, LLC dba Cherrywood Place (7776); Riverside Nursing-Centralia, LLC dba Riverside Nursing & Rehabilitation Center (3792); PNW Master Tenant I, LLC (9824); Franklin Hills Health-Spokane, LLC dba Franklin Hills Health & Rehabilitation Center (1763); Aldercrest Health-Edmonds, LLC dba Aldercrest Health & Rehabilitation Center (3827); PNW Master Tenant II, LLC (5319); Gardens on University-Spokane Valley, LLC dba The Gardens on University (1917); Puget Sound Healthcare-Olympia, LLC dba Puget Sound Healthcare Center (4419); Care Center East Health-Portland, LLC dba Care Center East Health & Specialty Care Center (8950); LaCrosse Health-Coeur d'Alene, LLC dba LaCrosse Health & Rehabilitation Center (8594); Ivy Court-Coeur d'Alene, LLC dba Ivy Court (3197).

The relief requested herein is limited to joint administration. Nothing contained in this Motion is intended to compel substantive consolidation of the Debtors' estates. The requested relief will thus not prejudice any entity's substantive rights and will result in no conflicts. If substantive consolidation of the estates is later warranted, the Debtors will move the Court separately for such relief.

### V. BASIS FOR RELIEF

Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the

MOTION FOR JOINT ADMINISTRATION, Page 8

Foley & Lardner LLP
555 South Flower St., Suite 3300
Los Angeles, CA 90071-2418
Phone: 213-972-4500
Fax: 213-486-0065

4841-1939-7648.3

Case 19-43754-MJH    Doc 3    Filed 11/24/19    Ent. 11/24/19 14:43:05    Pg. 8 of 11

Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

Joint administration is an administrative and procedural device. *See, e.g., Reider v. FDIC (In re Reider)*, 31 F.3d 1102, 1109 (11th Cir. 1994). It is distinct from substantive consolidation, and does not involve the substantive rights of creditors of the estates. *See id.*; Fed. R. Bankr. P. 1015, Advisory Committee Note (1983). As set forth in Collier on Bankruptcy, an order authorizing joint administration contemplates the following relief:

> (1) combining the estates by using a single docket for administrative matters, including a listing of claims filed, and the filing, lodging and docketing of pleadings and orders;
> (2) the combining of notices to creditors and parties in interest;
> (3) the scheduling of hearings;
> (4) joint financial reporting by the debtors;
> (5) the joint and several liability of the estates of administrative expenses; and
> (6) the joint handling of other administrative matters.

See Collier on Bankruptcy, Forms 8.92-1, 8.92-4, and 8.92-5, reprinted in Collier on Bankruptcy (15th ed., rev. 2001); Fed. R. Bankr. P. 1015, Advisory Committee Note (1983).

Several bases warrant the Court's exercise of its authority under section 105(a) of the Bankruptcy Code to order joint administration of the Debtors' cases. Debtors' cases present the classic situation for joint administration. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. The vast majority of the motions, hearings, and orders in these chapter 11 cases will affect every Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the Western District of Washington (the "U.S. Trustee") and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

Joint administration will expedite the administration of the Debtors' cases and reduce administrative expense without prejudicing creditors' substantive rights. The Debtors are affiliated companies and have many common creditors. Absent joint administration, parties will

MOTION FOR JOINT ADMINISTRATION, Page 9

Foley & Lardner LLP
555 South Flower St., Suite 3300
Los Angeles, CA 90071-2418
Phone: 213-972-4500
Fax: 213-486-0065

4841-1939-7648.3  Case 19-43754-MJH    Doc 3    Filed 11/24/19    Ent. 11/24/19 14:43:05    Pg. 9 of 11

be required to file sets of papers that will often be identical, apart from the captions, and creditors will receive multiple copies of such papers, leading to inevitable creditor confusion. Joint administration will allow creditors to receive notice of all matters relating to Round Table, thereby ensuring that creditors are informed of matters potentially affecting their claims, without the burden of unnecessary and expensive duplication.

Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Creditors may file a claim against a particular creditors. Parties in interest will not be harmed by the relief requested, but instead will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

In addition, Cornerstone Healthcare has always prepared combined financial reports, and combined its accounting services. To require separate financial reporting through the Chapter 11 process would be unduly burdensome and would create unnecessary administrative costs. Allowing combined reporting in no way prejudices the rights of creditors because Cornerstone Healthcare's books and records are maintained in such a way that separate financial reports can be prepared where needed.

Finally, Cornerstone Healthcare proposes that Debtors' estates be jointly liable for professional fees and costs such that all fees and expenses be charged to the main case and only one joint fee application need to be filed by any professional. Because most matters affect the Debtors jointly, it would be extremely difficult and create a nearly impossible administrative burden to attempt to allocate fees and expenses between the nineteen individual Debtors.

Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate, and in the best interests of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted.

MOTION FOR JOINT ADMINISTRATION, Page 10

Foley & Lardner LLP
555 South Flower St., Suite 3300
Los Angeles, CA 90071-2418
Phone: 213-972-4500
Fax: 213-486-0065

4841-1939-7548.3

Case 19-43754-MJH    Doc 3    Filed 11/24/19    Ent. 11/24/19 14:43:05    Pg. 10 of 11

## VI. NO PRIOR REQUEST

No prior motion for the relief requested herein has been made to this or any other court.

## VII. CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order directing the joint administration of this case under Lease Case *In re PNW Healthcare Holdings, LLC*, Case No. 19-43754.

DATE: November 24, 2019                         FOLEY & LARDNER LLP

BY: /s/ Ashley M. McDow
    Ashley M. McDow, WSBA #38900

Proposed Counsel for Debtors and Debtors In Possession

MOTION FOR JOINT ADMINISTRATION, Page 11

Foley & Lardner LLP
555 South Flower St., Suite 3300
Los Angeles, CA 90071-2418
Phone: 213-972-4500
Fax: 213-486-0065

4841-1939-7548.3    Case 19-43754-MJH    Doc 3    Filed 11/24/19    Ent. 11/24/19 14:43:05    Pg. 11 of 11