Hon. Mary Jo Heston
Chapter: 11
Location: Telephonic
Hearing Date: November 27, 2019
Hearing Time: 11:30 a.m.
Response Date: At hearing

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re:

PNW HEALTHCARE HOLDINGS, LLC,
  *et al.*, [1]

            Debtor.

NO. 19-43754

PRELIMINARY OBJECTION OF CANYON
Z, LLC AND CANYON NH, LLC TO FIRST
DAY MOTION FOR INTERIM AND FINAL
ORDERS GRANTING USE OF CASH
COLLATERAL AND SCHEDULING A
FINAL HEARING

Canyon Z, LLC ("Canyon Z") and Canyon NH, LLC ("Canyon NH" and, together with

Canyon Z, the "Canyon Landlords") file this preliminary objection (the "Objection") to the *First*

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: PNW Healthcare Holdings, LLC (9801); North Auburn Health, LLC dba North Auburn Rehabilitation & Health Center (3159); Sequim Health, LLC dba Sequim Health & Rehabilitation (7737); Bremerton Health, LLC dba Bremerton Convalescent & Rehabilitation Center (3188); Crestwood Convalescent-Port Angeles, LLC dba Crestwood Health & Rehabilitation Center (6565); Fir Lane Health-Shelton, LLC dba Fir Lane Health & Rehabilitation Center (7798); Forest Ridge Health-Bremerton, LLC dba Forest Ridge Health & Rehabilitation Center (4019); Meadow Park Health-St Helen, LLC dba Meadow Park Health & Specialty Care Center (9109); Cherrywood Place-Spokane, LLC dba Cherrywood Place (ALF) (7776); Riverside Nursing-Centralia, LLC dba Riverside Nursing & Rehabilitation Center (3792); PNW Master Tenant I, LLC (9824); Franklin Hills Health-Spokane, LLC dba Franklin Hills Health & Rehabilitation Center (1763); Aldercrest Health-Edmonds, LLC dba Aldercrest Health & Rehabilitation Center (3827); PNW Master Tenant II, LLC (5319); Gardens on University-Spokane Valley, LLC dba The Gardens on University (1917); Puget Sound Healthcare-Olympia, LLC dba Puget Sound Healthcare Center (4419); Care Center East Health-Portland, LLC dba Care Center East Health & Specialty Care Center (8950); LaCrosse Health-Coeur d'Alene, LLC dba LaCrosse Health & Rehabilitation Center (8594); Ivy Court-Coeur d'Alene, LLC dba Ivy Court (3197) 75024.

PRELIMINARY OBJECTION OF CANYON Z, LLC AND CANYON
NH, LLC TO FIRST DAY MOTION FOR INTERIM AND FINAL
ORDERS GRANTING USE OF CASH COLLATERAL AND
SCHEDULING A FINAL HEARING - 1

{02536040.DOCX;1}

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 19-43754-MJH    Doc 39    Filed 11/26/19    Ent. 11/26/19 17:37:32    Pg. 1 of 13

*Day Motion for Interim and Final Orders Granting Use of Cash Collateral and Scheduling a Final Hearing* [Docket No. 18] (the "<u>Cash Collateral Motion</u>") filed by the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>"). In support of the Objection, the Landlords respectfully state as follows:

## <u>PRELIMINARY STATEMENT</u>

1.      The Canyon Landlords are disappointed with the way the Debtors have chosen to address defaults with their key creditor constituencies. Good faith engagement often leads to good faith negotiation, which often leads to consensual resolutions that result in a "win-win" for all parties (including, in this case, residents). Unfortunately, the Debtors chose a different path. Despite their admission that their two key creditors – their landlord and their working capital lender – were not taking any aggressive actions,[2] the Debtors filed freefall bankruptcy cases with absolutely no creditor support, and no clear path to a successful restructuring. Under these circumstances, the Debtors' requested non-consensual use of cash collateral without any adequate protection in favor of the Canyon Landlords is not justified.

2.      The Debtors lease fifteen of their sixteen skilled nursing facilities (collectively, the "<u>Facilities</u>") from the Canyon Landlords pursuant to two Master Leases (as defined below).[3] The Debtors are not current in their rental obligations and, as of the Petition Date (defined below),

---

[2] *See Declaration of Will Masterson in Support of First Day Motions* [Docket No. 5] (the "<u>First Day Declaration</u>") ¶¶ 28-30. The Debtors state that "MidCap had not taken aggressive action" and "[t]he Canyon Landlords have not sent a formal notice of default." *Id.*

[3] In the First Day Declaration, the Debtors state that they lease all sixteen of their facilities from the Canyon Landlords. *See* First Day Declaration ¶ 22. However, the facility leased by Debtor North Auburn Health, LLC is no longer leased from the Canyon Landlords. Upon information and belief, that facility is leased from a third-party landlord that is not affiliated with the Canyon Landlords. In addition, the Canyon Landlords understand that the facility formerly operated by the Debtor Care Center East Health-Portland, LLC is no longer in operation. Currently, however, Care Center East Health-Portland, LLC remains a Subtenant (as defined below) that is subject to the Master Leases (as defined below).

PRELIMINARY OBJECTION OF CANYON Z, LLC AND CANYON NH, LLC TO FIRST DAY MOTION FOR INTERIM AND FINAL ORDERS GRANTING USE OF CASH COLLATERAL AND SCHEDULING A FINAL HEARING - 2

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

{00760010.DOCX;1}

Case 19-43754-MJH    Doc 39    Filed 11/26/19    Ent. 11/26/19 17:37:32    Pg. 2 of 13

owe more than $2 million in past due rent.[4]  On December 1, 2019, the Debtors will owe the Canyon Landlords rent in the amount of $934,792.58, which includes Minimum Rent and Additional Rent (each as defined in the Master Leases).[5]  These, and all other obligations owed to the Canyon Landlords, are secured by security interests in the Debtors' personal property, including cash and receivables.

3.      Before the Petition Date, after multiple payment and operational defaults, the Canyon Landlords attempted to engage the Debtors constructively to resolve these issues to ensure that the Facilities are operated in a responsible manner so that resident care is not jeopardized. Instead of accepting the Canyon Landlords' invitation to negotiate toward a consensual resolution, the Debtors ignored the Canyon Landlords and filed these cases.

4.      The Debtors' first day pleadings, including the Cash Collateral Motion, include almost no substantive details about how the Debtors intend to reorganize (other than a conclusory statement that they will), or even why they filed these cases in the first place (other than reference to "reservation of rights" letters sent by the Debtors' working capital lender and assertions by the Canyon Landlords of lease defaults).  The Cash Collateral Motion does not mention the Canyon Landlords' security interest in the Debtors' property, let alone propose the adequate protection that the Bankruptcy Code (defined below) requires.  The Debtors' proposed budget – which only

---

[4] On a postpetition basis, the Debtors owe the portion of November rent (i.e. the "stub rent") that has accrued, and will accrue, between the Petition Date and the end of November.  The Canyon Landlords' right to payment of stub rent is an administrative expense in these cases.  The amount of that stub rent (exclusive of any interest or other charges due under the Master Leases) is $287,602.10.

[5] Any statements in this Objection as to the amount of Minimum Rent or Additional Rent (including with respect to the "stub rent" period) are not intended as a waiver by the Canyon Landlords of the right to payment for any additional amounts that are due and owing, or that will become due and owing, under the terms of the Master Leases, including, but not limited to, the right to payment of interest, late charges, and reimbursement of attorneys' fees and other expenses.  The Canyon Landlords expressly reserve the right to assert claims for such amounts.

PRELIMINARY OBJECTION OF CANYON Z, LLC AND CANYON NH, LLC TO FIRST DAY MOTION FOR INTERIM AND FINAL ORDERS GRANTING USE OF CASH COLLATERAL AND SCHEDULING A FINAL HEARING - 3

{06756040.DOCX;1 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700  fax 206 587 2308

Case 19-43754-MJH    Doc 39    Filed 11/26/19    Ent. 11/26/19 17:37:32    Pg. 3 of 13

includes three weeks – does not provide for the timely payment of postpetition rent, also something the Bankruptcy Code requires.

5.     In short, the Debtors have not established any kind of foundation for their proposed non-consensual use of the Canyon Landlords' collateral. Instead, they seemed to have based these unstructured filings on a "hope and a prayer" that they can reorganize. While the Canyon Landlords are committed to engaging in good faith with the Debtors and other key stakeholders to reach a consensus on a sensible path forward, the Canyon Landlords have serious doubts and, thus, object to the Debtors' use of cash collateral on the terms set forth in the Cash Collateral Motion. At a minimum, any use of cash collateral should be conditioned on full and timely rental payments to the Canyon Landlords and adequate protection claims and replacement liens in favor of the Canyon Landlords.

## BACKGROUND

### A.     General Background

6.     On November 22, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code, §§ 101 *et seq.* (the "Bankruptcy Code"). The Debtors continue in possession of their properties and management of their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been requested or appointed in these chapter 11 cases.

### B.     The Canyon Master Leases and Guarantees[6]

_____

[6] The descriptions herein of the Master Leases (as defined below) and any other related documents (collectively, the "Lease Documents") are subject in all respects to the terms of the Lease Documents. To the extent of any inconsistency in such descriptions and the terms of the Lease Documents, the terms of the Lease Documents shall control. Moreover, nothing herein is intended as a waiver of any rights of the Canyon Landlords under the Lease Documents.

PRELIMINARY OBJECTION OF CANYON Z, LLC AND CANYON NH, LLC TO FIRST DAY MOTION FOR INTERIM AND FINAL ORDERS GRANTING USE OF CASH COLLATERAL AND SCHEDULING A FINAL HEARING - 4

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{06756040.DOCX;1}

Case 19-43754-MJH    Doc 39    Filed 11/26/19    Ent. 11/26/19 17:37:32    Pg. 4 of 13

7.      (i) Canyon Z, as landlord, (ii) Debtor PNW Master Tenant I, LLC, as master tenant ("Master Tenant I"), and (iii) Debtors Crestwood Convalescent-Port Angeles, LLC, Fir Lane Health-Shelton, LLC, Franklin Hills Health-Spokane, LLC, Gardens on University-Spokane Valley, LLC, Forest Ridge Health-Bremerton, LLC, Puget Sound Healthcare-Olympia, LLC, and Ivy Court-Coeur D'Alene, LLC, as subtenants (each a "Subtenant I" and collectively, the "Subtenants I") are parties to that certain Master Sublease and Security Agreement dated December 1, 2017 (as may be amended, restated, modified, or supplemented from time to time, "Master Lease I").  Master Lease I covers the Debtors' HUD Facilities.

8.      (i) Canyon NH, as landlord, (ii) Debtor PNW Master Tenant II, LLC, as master tenant ("Master Tenant II" and together with Master Tenant I, "Master Tenants"), and (iii) Debtors Bremerton Health, LLC, Riverside Nursing-Centralia, LLC, Aldercrest Health-Edmonds, LLC, Care Center East Health-Portland, LLC, Sequim Health, LLC, Cherrywood Place-Spokane, LLC, Meadow Park Health-St Helens, LLC, and Lacrosse Health-Coeur D'Alene, LLC, as subtenants (each a "Subtenant II" and collectively, "Subtenants II" and together with Subtenants I, "Subtenants") are parties to that certain Master Sublease and Security Agreement dated December 1, 2017 (as may be amended, restated, modified, or supplemented from time to time, "Master Lease II" and together with Master Lease I, the "Master Leases").  Master Lease II covers the Debtors' non-Hud Facilities.

9.      The Canyon Landlords themselves lease the Facilities, pursuant to master leases (the "Prime Leases"), from property owners (the "Owners") that are not affiliates of the Canyon Landlords or the Debtors.

PRELIMINARY OBJECTION OF CANYON Z, LLC AND CANYON NH, LLC TO FIRST DAY MOTION FOR INTERIM AND FINAL ORDERS GRANTING USE OF CASH COLLATERAL AND SCHEDULING A FINAL HEARING - 5

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{00837040.DOCX;1}

Case 19-43754-MJH   Doc 39   Filed 11/26/19   Ent. 11/26/19 17:37:32   Pg. 5 of 13

10.      The Master Leases each have initial ten-year terms, starting on November 1, 2017, with the potential for two five-year renewals, all of which is subject to early termination pursuant to the terms of the Master Leases. *See* Master Leases §§ 2.2-2.3.

11.      Under the terms of the Master Leases, the Debtors are obligated to pay "Minimum Rent," which includes "Base Rent" plus any other fixed rent due under the Prime Leases. *Id.* § 3.1(a). Minimum Rent is paid in advance on the first day of each month. *Id.* The amount of Minimum Rent that will become due on December 1, 2019 is $763,694.32.

12.      The Master Leases are "triple net" leases. *See id.* § 3.5. Thus, in addition to Minimum Rent, the Debtors are obligated to pay as "Additional Rent" all other liabilities, obligations, and impositions imposed on, or incurred with respect to, the Facilities. *Id.* § 3.3. For example, Additional Rent includes certain capital expenditures, real estate taxes, and insurance. The amount of Additional Rent that will be due on December 1, 2019 is $171,098.26.

13.      Under the terms of the Master Leases, each of the Master Tenants and Subtenants granted to the Canyon Landlords a security interest in the Collateral (as defined in the Master Leases), which includes substantially all of their personal property, including their accounts receivable, and proceeds thereof. *Id.* § 8.2.2.

14.      Each of the Master Tenants' obligations under the applicable Master Lease is guaranteed by (i) Debtor PNW Healthcare Holdings, LLC (the "Debtor Guarantor") and (ii) non-Debtors PNW Healthcare Management, LLC, Dov Jacobs, Miriam Taub, and Jay Taub ("Non-

///

///

///

///

PRELIMINARY OBJECTION OF CANYON Z, LLC AND CANYON
NH, LLC TO FIRST DAY MOTION FOR INTERIM AND FINAL
ORDERS GRANTING USE OF CASH COLLATERAL AND
SCHEDULING A FINAL HEARING - 6

{06736040.DOCX;1}

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

Case 19-43754-MJH    Doc 39    Filed 11/26/19    Ent. 11/26/19 17:37:32    Pg. 6 of 13

Debtor Guarantors" and together with the Debtor Guarantor, "Guarantors") pursuant to Guaranty Agreements dated December 1, 2017 (the "Guarantees").[7]

**C.    Prepetition Defaults and Attempted Negotiations**

15.    Starting in April 2019, the Debtors began missing, and in some instances making only partial, rent payments.  In addition, certain Restricted Operations Defaults (as defined in the Master Leases) occurred with respect to operations at certain of the Facilities.  As noted above, as of the Petition Date, the Debtors owed the Canyon Landlords more than $2 million in unpaid rent.

16.    The Canyon Landlords attempted numerous times to engage the Debtors in meaningful discussions with respect to these defaults and operations at the Facilities.  Given persistent clinical and regulatory issues, as well as payment defaults under the Master Leases, the Canyon Landlords explored multiple options.  To that end, the Canyon Landlords have made multiple proposals to the Debtors that have included the smooth and orderly transition of some or all of the Facilities to a prospective new operator so that continued resident care is not jeopardized. The Canyon Landlords' proposals included a final resolution of obligations of the Debtors and the Guarantors under the Master Leases and Guarantees.  Rather than engage meaningfully in a process that accomplishes continued operations for the benefit of residents and a consensual resolution of the Debtors' obligations under the Master Leases, the Debtors ignored the Canyon Landlords and, instead, without even making a counterproposal, filed these cases.

///

///

///

---

[7]    The Canyon Landlords reserve, and nothing in this Objection should be deemed a waiver of, any and all rights they have against the Guarantors under the terms of the applicable Guarantees, including, but not limited to, the right to pursue remedies against the Non-Debtor Guarantors without first obtaining relief from this Court.

PRELIMINARY OBJECTION OF CANYON Z, LLC AND CANYON NH, LLC TO FIRST DAY MOTION FOR INTERIM AND FINAL ORDERS GRANTING USE OF CASH COLLATERAL AND SCHEDULING A FINAL HEARING - 7

{02736040.DOCX;1}

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

Case 19-43754-MJH    Doc 39    Filed 11/26/19    Ent. 11/26/19 17:37:32    Pg. 7 of 13

**D. The Cash Collateral Motion**

17.     The Cash Collateral Motion provides almost no details on the terms of the Debtors' financing facility with its working capital lender, MidCap Financial ("MidCap"). Proposed adequate protection is almost non-existent, and the proposed cash collateral order (which, among other things, does not even expressly require the Debtors to stick to a budget) is a mere three paragraphs. Although it proposes to use the Canyon Landlords' Collateral without their consent, the Cash Collateral Motion makes no mention of the Canyon Landlords' security interest.

18.     As to rent, the proposed budget attached to the Cash Collateral Motion (the "Proposed Budget") includes a line item for rent in the amount of $500,000 in the first week of December and $317,000 in the second week of December. As noted above, $934,792.58 in Minimum Rent and Additional Rent will be due on December 1, 2019.

## OBJECTIONS AND DISCUSSION

19.     The Canyon Landlords are generally skeptical of the Debtors' intentions regarding these cases and their ability to successfully emerge. Among other things, any standalone restructuring requires continued operation of the Facilities, which requires the Debtors to assume the Master Leases (and all rental and other obligations contained therein) and, pursuant to section 365(b)(1)(A) of the Bankruptcy Code, to cure existing defaults, including more than $2 million of back rent. Moreover, prior to any such assumption, pursuant to section 365(d)(3) of the Bankruptcy Code, the Debtors must timely perform their obligations under the Master Leases. While the Canyon Landlords welcome good faith discussions with the Debtors and other parties regarding a consensual resolution of these cases, the Canyon Landlords expect the Debtors to comply with their obligations to pay rent on time and, if they want to assume the Master Leases, to cure defaults. If the Cash Collateral Motion is any indication, the Debtors are not off to a good

PRELIMINARY OBJECTION OF CANYON Z, LLC AND CANYON NH, LLC TO FIRST DAY MOTION FOR INTERIM AND FINAL ORDERS GRANTING USE OF CASH COLLATERAL AND SCHEDULING A FINAL HEARING - 8

{03736040.DOCX;1 }

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700  fax 206 587 2308

Case 19-43754-MJH    Doc 39    Filed 11/26/19    Ent. 11/26/19 17:37:32    Pg. 8 of 13

start with respect to their ability to comply with Bankruptcy Code requirements. Among other things:[8]

- The Proposed Budget does not provide for the timely payment of all Minimum Rent and Additional Rent that will be due in the first month of the cases, as required by section 365(d)(3) of the Bankruptcy Code.

- The Cash Collateral Motion does not provide for adequate protection of the Canyon Landlords' interest in their Collateral, the Master Leases, and their right to the timely payment of rent, as required by section 363(e) of the Bankruptcy Code.

**A.      The Proposed Budget Does Not Provide for the Timely Payment of Rent**

20.     Section 365(d)(3) of the Bankruptcy Code requires the Debtors to "***timely*** perform all of the obligations of the [Debtors], arising from and after [the Petition Date]" under the Master Leases. 11 U.S.C. § 365(d)(3) (emphasis added). As noted above, the Proposed Budget does not meet this requirement. Although $934,792.58 of Minimum Rent and Additional Rent will be due on December 1, 2019, the Proposed Budget includes for rent only $500,000 in the first week of December and $317,000 in the second week. There is no explanation as to why the Debtors propose to pay rent late or why the amount is insufficient. The failure to adequately address rent is particularly curious in light of the approximately $2.9 million cash balance that the Debtors show in the Proposed Budget.

21.     In addition to December rent, the Proposed Budget does not include any mention of the $287,602.10 of November "stub rent," which is an administrative expense in these cases.

---

[8]      The compressed nature of the first day hearing process, coupled with the lack of detail in the Debtors' filings, make a comprehensive list of the problems in the Cash Collateral Motion and proposed relief impractical. The Canyon Landlords their right to supplement this Objection in advance of any additional interim or final hearings on the Cash Collateral Motion.

PRELIMINARY OBJECTION OF CANYON Z, LLC AND CANYON NH, LLC TO FIRST DAY MOTION FOR INTERIM AND FINAL ORDERS GRANTING USE OF CASH COLLATERAL AND SCHEDULING A FINAL HEARING - 9

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700   fax 206 587 2308

{03756040.DOCX;1}

Case 19-43754-MJH      Doc 39     Filed 11/26/19     Ent. 11/26/19 17:37:32     Pg. 9 of 13

*See In re Door to Door Storage, Inc.*, Case No. C17-1385RSM, 2018 WL 1899361, at *2 (W.D. Wash. Apr. 20, 2018) (affirming bankruptcy's courts adoption of "accrual" approach for determining a landlord's administrative expense claim) (citing *In re Treesource Industries, Inc.*, 363 F.3d 994 (9th Cir. 2004)).

22.     Accordingly, at a minimum the Proposed Budget must permit the Debtors to comply with section 365(d)(3) of the Bankruptcy Code

**B.     The Debtors Have Not Proposed Adequate Protection for the Canyon Landlords**

23.     Under section 363(e) of the Bankruptcy Code, the Debtors must provide adequate protection to the Canyon Landlords for any use by the Debtors of the Facilities and the Canyon Landlords' Collateral.  Adequate protection is not a discretionary act. *See In re T.M. Sweeney & Sons LTL Servs., Inc.*, 131 B.R. 984, 990 (Bankr. N.D. Ill. 1991); *Metromedia Fiber Network Servs. v. Lexent, Inc. (In re Metromedia Fiber Network Servs., Inc.)*, 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003) (adequate protection is not permissive or discretionary).  The Debtors bear the burden to show that adequate protection is present. *See* 11 U.S.C. §§ 363(p) (providing that the debtor "has the burden of proof on the issue of adequate protection"); *In re Ernst Home Ctr.*, 209 B.R. 955, 965 (Bankr. W.D. Wash. 1997) ("The Debtor has the burden of proving by a preponderance of the evidence that the Member Landlords are adequately protected.").

24.     Despite the fact that the Debtors have granted the Canyon Landlords a security interest in the Collateral, the Cash Collateral Motion and the proposed order are silent as to any proposed adequate protection in favor of the Canyon Landlords, which violates section 363(e) of the Bankruptcy Code.

25.     Moreover, in addition to the Canyon Landlords' security interest in the Collateral, the Canyon Landlords have a general interest in the property that it leases to the Debtors.  The U.S.

PRELIMINARY OBJECTION OF CANYON Z, LLC AND CANYON NH, LLC TO FIRST DAY MOTION FOR INTERIM AND FINAL ORDERS GRANTING USE OF CASH COLLATERAL AND SCHEDULING A FINAL HEARING - 10

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

Case 19-43754-MJH     Doc 39     Filed 11/26/19     Ent. 11/26/19 17:37:32     Pg. 10 of 13

Supreme Court has held that the term "interest" "is the most general term that can be employed to denote a right, claim, title, or legal share in something." *Russello v. U.S.*, 464 U.S. 16, 21 (1983). The Canyon Landlords certainly have an interest in the Facilities, the Master Leases, and the rents due thereunder for which they are entitled to adequate protection. *See Ernst Home Ctr.*, 209 B.R. at 965 ("[A] landlord is entitled to seek adequate protection of its right to be kept current postpetition under Section 363(e)."); *In re MS Freight Distribution, Inc.*, 172 B.R. 976, 980 (Bankr. W.D. Wash. 1994) ("A landlord is free to move at the outset of a case for adequate protection of its right to have obligations under its lease kept current."); *see also In re P.J. Clarke's Rest. Corp.*, 265 B.R. 392, 404 (Bankr. S.D.N.Y. 2001) ("[A] Landlord's right to timely payment of post-petition rent constitutes an interest in property entitled to adequate protection.").

26. Section 361 of the Bankruptcy Code provides as follows:

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property such adequate protection may be provided by—

(1) requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C. § 361.

///

///

PRELIMINARY OBJECTION OF CANYON Z, LLC AND CANYON NH, LLC TO FIRST DAY MOTION FOR INTERIM AND FINAL ORDERS GRANTING USE OF CASH COLLATERAL AND SCHEDULING A FINAL HEARING - 11

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

27.     The Canyon Landlords submit that, consistent with section 361 of the Bankruptcy Code, they are entitled to adequate protection in the form of (i) cash payments equal to rent,[9] (ii) replacement liens in Collateral that is acquired by the Debtors after the Petition Date, and (iii) any other adequate protection provided to MidCap with respect to use of the Collateral.

28.     Accordingly, to the extent that the Debtors do not adequately protect the Canyon Landlords' right to receive timely rental payments and the Canyon Landlords' security interest in the Collateral, the Cash Collateral Motion should be denied.

## RESERVATION OF RIGHTS

29.     The Canyon Landlords expressly reserve the right to supplement this Objection or raise additional or further objections at any time prior to the initial or any subsequent hearing on the Cash Collateral Motion.

**WHEREFORE**, for the reasons set forth herein, the Canyon Landlords respectfully requests that this Court (i) deny the relief requested in the Cash Collateral Motion absent certain modifications raised herein, and (ii) grant such other and further relief as the Court deems just and equitable.

///
///
///
///
///
///

---

[9]     Since the Debtors are already obligated to pay rent under section 365(d)(3), payment of rent as adequate protection is not an additional burden on the Debtors.  Moreover, by suggesting that the Debtors should pay rent as a form of adequate protection under sections 361 and 363, the Canyon Landlords are not waiving any rights they have to the timely payment of rent under section 365(d)(3).

PRELIMINARY OBJECTION OF CANYON Z, LLC AND CANYON
NH, LLC TO FIRST DAY MOTION FOR INTERIM AND FINAL
ORDERS GRANTING USE OF CASH COLLATERAL AND
SCHEDULING A FINAL HEARING - 12

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington  98104-2323
office 206 587 0700   fax 206 587 2308

DATED this 26th day of November, 2019.

CAIRNCROSS & HEMPELMANN, P.S.

/s/ *John R. Rizzardi*
John R. Rizzardi WSBA No. 9388
E-mail: jrizzardi@cairncross.com
Christopher L. Young WSBA No. 47977
E-mail: cyoung@cairncross.com
524 Second Avenue, Suite 500
Seattle, WA 98104-2323
Telephone: (206) 587-0700
Facsimile: (206) 587-2308


-and-

GREENBERG TRAURIG, LLP


/s/ *Nancy A. Peterman*
Nancy A. Peterman (*pro hac vice pending*)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
200 Park Avenue
Chicago, Illinois 60601
Telephone: (312) 456-8410
Email: PetermanN@gtlaw.com


/s/ *Eric J. Howe*
Eric J. Howe (*pro hac vice pending*)
Greenberg Traurig, LLP
90 South 7th Street, Suite 3500
Minneapolis, Minnesota 55402
Telephone: (612) 259-9716
Email: howee@gtlaw.com

*Counsel for the Canyon Landlords*

PRELIMINARY OBJECTION OF CANYON Z, LLC AND CANYON
NH, LLC TO FIRST DAY MOTION FOR INTERIM AND FINAL
ORDERS GRANTING USE OF CASH COLLATERAL AND
SCHEDULING A FINAL HEARING - 13

CAIRNCROSS & HEMPELMANN, P.S.
ATTORNEYS AT LAW
524 Second Avenue, Suite 500
Seattle, Washington 98104-2323
office 206 587 0700 fax 206 587 2308

Case 19-43754-MJH Doc 39 Filed 11/26/19 Ent. 11/26/19 17:37:32 Pg. 13 of 13